UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SALLY SABERTON,

          Plaintiff,

vs.                           Case No.   2:05-cv-161-FtM-33DNF

SEARS ROEBUCK and COMPANY,

          Defendant.
_____

## ORDER

This matter comes before the Court on Motion to Remand to State Court (Doc. #7) filed on April 15, 2005 by Sally Saberton. On April 26, 2005, the Defendant filed a response to Plaintiff's Motion to Remand. (Doc. #14.) Saberton seeks remand arguing that this Court lacks subject matter jurisdiction because her claim does not meet the amount in controversy requirement for diversity jurisdiction. (Doc. #8.) Saberton argues that her complaint specifically alleges "[t]his is an action for money damages exceeding $15,000 but less than $74,999." (Doc. #8.) Accordingly, Saberton claims Sears Roebuck, the Defendant, has failed to show that the requisite amount in controversy exists.

In response, Sears Roebuck contends that a reasonable reading of the Plaintiff's Complaint (Doc. #3), including injuries and damages, will result in an award that is beyond the jurisdictional amount. Sears Roebuck further argues that on January 25, 2005, prior to filing the lawsuit, Plaintiff's counsel demanded $100,000

during a conversation with the claims adjuster. (Doc. #14.) The claims adjuster noted the $100,000 demand by Plaintiff in a diary entry. (Doc. #14).

As set forth in 28 U.S.C § 1332(a), original jurisdiction is grounded in the district courts where the matter in controversy exceeds $75,000. Federal courts are courts of limited jurisdiction and removal of any civil case by a defendant is proper when a federal court would have had original jurisdiction over the case. Ayers v. Gen. Motors Corp., 234 F.3d 514, 517 (11th Cir. 2000); George v. Marriot Senior Living Servs., 2001 WL 1757181 (S.D. Fla. 2001).

The Court of Appeals for the Eleventh Circuit has held that when a plaintiff has alleged damages less than $75,000, and the defendant removes the case to federal court, "[the] defendant must prove to a legal certainty that plaintiff's claim must exceed [$75,000]." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Although this heavy burden of proof exists, "a defendant can remain in federal court if he showed that...an award below the jurisdictional amount is [impermissible] because the case is clearly worth more than [$75,000]." Id. at 1096.

However, "[w]hile a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." Burns, at 1095. The Court should evaluate the amount in controversy based on the allegations in the complaint set forth at the time of removal. Sierminski v.

Transsouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Furthermore, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns, at 1095.

Plaintiff's complaint alleges "damages exceeding $15,000 but less than $74,999." (Doc. #3.) As such, this case is controlled by Burns, and Plaintiff's assessment is entitled to "deference and a presumption of truth." Id. Therefore, the Defendant must prove to a legal certainty that Plaintiff's damages meet the jurisdictional requirement. Id.

In support of the Notice of Removal, Defendant alleges that "Plaintiff's complaint seeking up to one dollar below the jurisdictional requirement ... is [a]n obvious attempt to keep the defendant from litigating in federal court." (Doc. #1.) The amount of damages sought by Saberton in the complaint is controlling. Sierminski, at 949. "[Saberton] could have simply alleged in her complaint that the state court had proper jurisdiction because the amount in controversy exceeded $15,000." Golden, at 1364. Saberton is only required to make a "short and plain statement of the grounds upon which the court's jurisdiction depends..." Id. at 1364 (Citing Fla. R. Civ. P. 1.110(b)1). Although case law permits the use of post-suit demand letters in determining the amount in controversy requirement; Defendants pre-suit settlement demand letter will not be considered as "other paper" for the purpose of satisfying the amount in controversy

-3-

requirement.  <u>Depina v. Iron Mountain Info. Mgmt., Inc.</u>, 2005 WL 1319231 (M.D. Fla. 2005); <u>Martin v. Mentor Corp.</u>, 142 F. Supp. 2d 1346 (M.D. Fla. 2001).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Motion to Remand to State Court (Doc. #7) is **GRANTED.** Plaintiff's request for cost and attorney's fee is **DENIED.**

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 14th day of June, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

-4-